

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

EL PASO DIVISION

| | | |
|---|---|---|
| JUANA HARPER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO.  EP-12-CV-165-MAT |
| | § | |
| CAROLYN W. COLVIN, | § | |
| ACTING COMMISSIONER OF THE | § | |
| SOCIAL SECURITY ADMINISTRATION[1], | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This is a civil action seeking judicial review of an administrative decision.  Plaintiff appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Title II and Title XVI of the Social Security Act, respectively.   Jurisdiction is predicated upon 42 U.S.C. § 405(g).  Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c) and Appendix C to the Local Court Rules of the Western District of Texas.  For the reasons set forth below, the Commissioner's decision is AFFIRMED.

---

[1] Carolyn W. Colvin became Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure and the last sentence of 42 U.S.C. § 405(g), she is substituted as the Defendant herein.

1

## I. PROCEDURAL HISTORY

On June 16, 2009, Plaintiff filed applications for DIB and SSI in which she alleged disability beginning June 1, 2009 due to pain in her arms, shoulder, and left leg, and colitis. (R. 120-134, 148).[2] After her applications were denied initially, and upon reconsideration, Plaintiff requested a hearing. (R. 59-66, 67-72, 76-77). On November 16, 2009, she appeared with her attorney for a video teleconference hearing before an administrative law judge ("ALJ"). (R. 33-52). On January 14, 2011, the ALJ issued a written decision denying benefits on the ground that Plaintiff is able to perform her past relevant work as a sewing machine operator. (R. 20-25). On March 8, 2012, the Appeals Council denied Plaintiff's request for review, thereby making the ALJ's decision the Commissioner's final administrative decision. (R. 1-3).

## II. ISSUES PRESENTED

1. Whether the ALJ failed to consider all of Plaintiff's impairments in determining her residual functional capacity ("RFC").

2. Whether the ALJ's finding that Plaintiff can perform her past relevant work ("PRW") as a sewing machine operator is supported by substantial evidence.

## III. DISCUSSION

A. Standard of Review

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Myers v. Apfel*, 238

---

[2] Reference to the record of administrative proceedings is designated by (R.[page number(s)].

F.3d 617, 619 (5th Cir. 2001) (citing *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)).

Substantial evidence is more than a scintilla, but less than a preponderance, and is such relevant

evidence as a reasonable mind might accept to support a conclusion. *Ripley v. Chater*, 67 F.3d 552,

555 (5th Cir. 1995). A finding of "no substantial evidence" will be made only where there is a

"conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*,

848 F.2d 638, 640 (5th Cir. 1988).

In determining whether there is substantial evidence to support the findings of the

Commissioner, the court must carefully examine the entire record, but may not reweigh the evidence

or try the issues *de novo*. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000); *Haywood v. Sullivan*,

888 F.2d 1463, 1466 (5th Cir. 1989). The court may not substitute its own judgment "even if the

evidence preponderates against the [Commissioner's] decision" because substantial evidence is less

than a preponderance. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). Conflicts in the

evidence are for the Commissioner and not the courts to resolve. *Spellman v. Shalala*, 1 F.3d 357,

360 (5th Cir. 1993). If the Commissioner applied the proper legal standards and her findings are

supported by substantial evidence, they are conclusive and must be affirmed. *Id.*

B. Evaluation Process and Burden of Proof

Disability is defined as the "inability to engage in substantial gainful activity by reason of any

medically determinable physical or mental impairment which . . . has lasted or can be expected to

last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability

claims are evaluated according to a five-step sequential process: (1) whether the claimant is currently

engaged in substantial gainful activity; (2) whether the claimant has a severe medically determinable

physical or mental impairment; (3) whether the claimant's impairment(s) meet or equal the severity

of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the impairment prevents the claimant from performing past relevant work; and, (5) whether the impairment prevents the claimant from doing any other work. 20 C.F.R. §§ 404.1520, 416.920. A finding that a claimant is disabled or not disabled at any point in the process is conclusive and terminates the analysis. *Greenspan*, 38 F.3d at 236.

The claimant bears the burden of proof on the first four steps of the sequential analysis. *Leggett v. Chater*, 67 F.3d 558, 565 (5th Cir. 1995). Once this burden is met, the burden shifts to the Commissioner to show that there is other substantial gainful employment available that the claimant is capable of performing. *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989). The Commissioner may meet this burden by the use of opinion testimony of vocational experts or by use of administrative guidelines in the form of regulations. *Rivers v. Schweiker*, 684 F.2d 1144, 1155 (5th Cir. 1982). If the Commissioner adequately points to potential alternative employment, the burden then shifts back to the claimant to prove that she is unable to perform the alternative work. *Id.*

C. The ALJ's Decision

In her written decision, the ALJ determined as a threshold matter that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2010. (R. 19). At step one, the ALJ found Plaintiff has not engaged in substantial gainful activity since the alleged onset date of June 1, 2009. *Id.* At step two, the ALJ determined Plaintiff has a severe impairment of left shoulder impingement syndrome. *Id.* At step three, the ALJ determined Plaintiff does not have an impairment or combination of impairments that meets or equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 20).

4

Before reaching step four, the ALJ assessed Plaintiff's RFC and found she is able to perform light work,[3] except that she cannot perform any overhead lifting with her left shoulder. *Id.* In making this finding, the ALJ determined Plaintiff's allegations regarding the intensity, persistence and limiting effects of her symptoms were not credible to the extent that they are inconsistent with the ALJ's RFC assessment. (R. 21-22). Based on the VE's testimony, the ALJ found at step four, that Plaintiff is able to perform her past relevant work as a sewing machine operator, and is, therefore, not disabled. (R. 24).

## D. Analysis of Plaintiff's Claims

### 1. Substantial Evidence Supports ALJ's Determination of Plaintiff's RFC

Plaintiff contends the RFC determination is not supported by substantial evidence because the ALJ failed to consider whether Plaintiff has a back impairment. RFC is defined as the most an individual can still do despite her limitations. 20 C.F.R. § 404.1545; SSR 96-8p. The responsibility to determine the claimant's RFC belongs to the ALJ. *Ripley*, 67 F.3d at 557. In making this determination, the ALJ must consider all the record evidence and determine Plaintiff's abilities despite her physical and mental limitations. *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995). The ALJ must consider the limiting effects of Plaintiff's impairments, even those that are non-severe, and any related symptoms. *See* 20 C.F.R. §§ 404.1529, 416.929, 404.1545, 416.945; SSR 96-8p. The relative weight to be given to the evidence is within the ALJ's discretion. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001). The ALJ is not required to incorporate limitations

---

[3] Light work is defined in the regulations as lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category if it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. 20 C.F.R. §§ 404.1567(b), 416.967(b).

in the RFC that he did not find to be supported in the record.  *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).

Plaintiff bears the burden to establish disability and to provide or identify medical and other evidence of her impairments.  *See* 42 U.S.C. § 423(d)(5); 20 C.F.R. §§ 404.1512(c), 416.912(c).  A medically determinable impairment must be established by acceptable medical sources.  20 C.F.R. §§ 404.1513(a), 416.913(a).  Plaintiff's own subjective complaints, without supporting objective medical evidence, are insufficient to establish disability.  *See* 20 C.F.R. §§ 404.1508, 416.908, 404.1528, 416.928, 404.1529, 416.929.

In support of her claim that the ALJ erred by failing to consider whether she has a back impairment, Plaintiff cites to an x-ray of her lumbar spine taken on September 2, 2009.  (R. 204).  This x-ray was ordered by the consultative examiner, Dr. Mauricio Jimenez.  *Id.*  The x-ray showed grade I left lateral listhesis at L4-L5[4], mild dextroscoliosis of the lower lumbar spine[5], and degenerative disc disease[6] at L3-L4, L4-L5, L5-S1 characterized by loss of disc height and

---

[4] Listhesis, or spondylolisthesis, is the displacement of one vertebra over another, usually the fourth lumbar over the fifth, or the fifth lumbar over the sacrum.  DORLAND'S ILLUS. MEDICAL DICTIONARY 1684  (29th ed.  2000).  As the adult lumbar spine ages, the prevalence of lateral listhesis and degenerative scoliosis increases. http://www.ncbi.nlm.nih.gov/pmc/articles/PMC3048241/ (last visited on June 16, 2015).  A commonly adopted method of grading spondylolisthesis is the Meyerding classification, with grade 1 representing the lowest severity of slippage.  (last visited on June 16, 2015).

[5] http://radiopaedia.org/articles/spondylolisthesis-grading-system Dextroscoliosis describes a spinal curve to the right. http://www.spine-health.com/conditions/scoliosis/scoliosis-types (last visited on June 16, 2015).

[6] Diagnostic imaging findings consistent with degenerative disc disease are common and can be found in 34% of people between 20 and 39 years old, 59% of people between 40 and 59 years old, and 93% of people between 60 and 80 years old.  Disc degeneration is not, however, ubiquitously associated with lower back pain. https://www.isass.org/pdf/The_Lumbar_Invertabral_Disc_Chapter_13.pdf (citing Boden SD,

6

osteophytes[7]. *Id.*  Plaintiff additionally relies on her testimony that she suffers from back pain that radiates down to her leg; she can not sit for more than 30 minutes due to pain; and, it is difficult for her to stand up from a seated position. (R. 43-44).

Contrary to Plaintiff's assertions, the ALJ considered both the x-ray and the findings of Dr. Jimenez on examination of Plaintiff. (R. 22, 23).  The ALJ noted Dr. Jimenez found no motor or sensory deficit on neurological examination and normal deep tendon reflexes in all extremities.  She had a normal gait, and she was able to squat halfway, heel walk, tiptoe walk and tandem walk. Forward flexion of the spine was normal at beyond 45 degrees, and straight leg raises were normal. As specifically discussed by the ALJ, although the x-ray of her lumbar spine showed degenerative disc disease, Plaintiff never complained of any chronic back pain and Dr. Jimenez did not assess back pain or any limitations related to her back.  Additionally, as noted by the ALJ, Dr. Jimenez found no abnormalities with Plaintiff's left leg.

In her opinion, the ALJ engaged in a very thorough evaluation of the intensity, persistence, and limiting effects of Plaintiff's symptoms pursuant to the factors set forth in Social Security Ruling 96-7p. (R. 20-24).  The ALJ noted that when Plaintiff first filed for benefits, she claimed disability due to pain in her arms, shoulder, left leg, and colitis.  At the hearing, however, Plaintiff's counsel stated she suffers from severe back pain and radiating pain to her left leg.  (R. 38).  Under questioning by her counsel, Plaintiff testified her "back is not well at all," and she can sit for no more

---

Davis DO, Dina ST, et al. Abnormal magnetic-resonance scans of the lumbar spine in asymptomatic subjects. J Bone Joint Surg Am 1990;72:403–408) (last visited on June 16, 2015). It should be noted that Plaintiff was 60 years old at the time of the hearing. (R. 38).

[7]An osteophyte is a bony outgrowth. DORLAND'S ILLUS. MEDICAL DICTIONARY 1290, 1285  (29th ed.  2000).

than 30 minutes due to pain and has "a hard time getting up." (R. 43). She also testified she has a

very severe pain that goes from her back down all the way to her left leg. (R. 43-44).

After reviewing Dr. Jimenez' report, the findings of the State agency physicians, Plaintiff's

rather active lifestyle, and her successful use of Naproxen and Tylenol III for pain and swelling, the

ALJ properly concluded Plaintiff's statements about the intensity, persistence and limiting effects

of her symptoms were not entirely credible. (R. 21-22). Despite Plaintiff's argument to the contrary,

the record does not support a finding that she suffers from a "severe back impairment with resulting

limiting effects." There is no error shown in either the ALJ's consideration of the evidence or her

decision not to include any limitations related to Plaintiff's alleged back impairment.

2. Substantial Evidence Supports ALJ's Step Four Decision

At step four, the ALJ determined, based on the testimony of the VE, that Plaintiff was not

disabled because she retained the RFC to perform her PRW as a sewing machine operator. (R. 24).

Plaintiff contends the ALJ's finding that she can perform her PRW as a sewing machine operator

is not supported by substantial evidence because the "constant reaching" requirement in the

Dictionary of Occupational Titles ("DOT") Listing 786.685-030 for sewing machine operator

exceeds her RFC. According to Plaintiff, because the constant reaching requirement does not

distinguish between reaching forward and reaching overhead, and does not distinguish between

reaching with both arms and reaching with one arm, the reaching requirements of Plaintiff's PRW

as a sewing machine operator exceed her current RFC limitations.

The Fifth Circuit has noted that the DOT is not comprehensive in that it cannot and does not

purport to include each and every specific skill qualification for a particular job. *Carey v. Apfel*, 230

F.3d 131, 145 (5th Cir. 2000). Further, DOT job descriptions should not be given a role that is

8

exclusive of more specific vocational expert testimony with respect to the effect of an individual claimant's limitations on his or her ability to perform a particular job. *Id.* at 145. To the extent there is any implied or indirect conflict between the VE's testimony and the DOT, the ALJ may rely upon the VE's testimony provided the record provides an adequate basis for doing so. *Id.*, at 146-47.

In the present case, the ALJ asked the VE to keep her testimony consistent with the DOT and to advise the ALJ if any of her testimony was inconsistent with the DOT and its companion publications. (R. 46). The ALJ asked the VE to assume a person of the same age, education, and work history as the Plaintiff who is limited to light work and cannot reach overhead with the non-dominant left arm. (R. 48). In response, the VE testified that such an individual could perform Plaintiff's PRW of sewing machine operator. (R. 48-49). The VE testified that the overhead reaching limitation normally would not affect the ability to perform the job of sewing machine operator as generally performed and as actually performed by Plaintiff. (R. 48-49).

The ALJ determined Plaintiff retains the RFC for light work, except no overhead lifting with the left shoulder. As pointed out in the Commissioner's brief, finding "no overhead lifting" is not the same as finding "no overhead reaching." The activity of lifting indicates that the individual is holding some weight or lifting some object, whole the activity of reaching does not. Lifting is one of the seven strength demands addressed in an individual's exertional capacity, but reaching is a non-exertional manipulative activity. *See* SSR 96-9p, 1996 WL 374185, at *5.

The Court finds no direct conflict between the DOT and the VE's testimony. Although the DOT listing for sewing machine operator requires constant reaching, there is no indication this job requires any overhead lifting with the left arm. Although the hypothetical posed to the VE was based on a limitation of no overhead reaching with the non-dominant left arm, (R. 48), the VE specifically

9

testified, "If they take any of the products and have to hang or just lifting overhead that might be one thing, but I believe that if you're just working at the machine, there really shouldn't be any overhead." (R. 49). Even assuming that "no overhead lifting" is the equivalent of "no overhead reaching," the ALJ found Plaintiff's limitation was for her non-dominant left shoulder, not for both shoulders. Thus, the record provides an adequate basis for the ALJ to rely on the VE's testimony. There is no error on this ground.

The testimony of the VE provides substantial evidence for the ALJ's determination that Plaintiff is not disabled because she can perform her past relevant work. As substantial evidence supports the ALJ's decision, it must be affirmed. *Spellman*, 1 F.3d at 360.

## CONCLUSION

It is therefore ORDERED that the decision of the Commissioner be, and it is hereby, AFFIRMED.

SIGNED and ENTERED this 30th day of June, 2015.

MIGUEL A. TORRES
UNITED STATES MAGISTRATE JUDGE